**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 1:26-cv-27050

MICHAEL SECA,

Plaintiff,
v.

PRINCESS CRUISE LINES, LTD.,

Defendant.
_________________________________/

**DEFENDANT, PRINCESS CRUISE LINES, LTD.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, PRINCESS CRUISE LINES, LTD.'s ("Princess"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Complaint, and states as follows:

## INTRODUCTION

This matter arises out of a maritime personal injury case, wherein Plaintiff, MICHAEL SECA ("Plaintiff"), alleges that on November 2, 2025, while onboard the Star Princess vessel, he was showering when he took a hold of the grab bar mounted to the shower wall and the grab bar come loose from the wall, causing Plaintiff to lose balance and fall. [D.E. 1]. Throughout Plaintiff's general factual allegations, he alleges that Princess's crew members serviced the subject stateroom on a daily basis, and therefore, should have had notice of the alleged dangerous condition. [D.E. 1 ¶ 35]. Plaintiff further speculates that Princess possesses documents that may establish that the grab bar was defective. [D.E. 1 ¶ 36-37]. Plaintiff brings forth six (6) claims: Count I – Negligent Maintenance; Count II – Negligent Inspection; Count III – Negligent Failure to Warn; Count IV -

Negligent Training; Count V – Negligent Supervision; Count VI – Vicarious Liability for the Negligence of Princess's Crewmembers.

Plaintiff's assertions are based off assumptions and conjecture rather than well-pleaded factual allegations. Plaintiff has not identified any actual facts demonstrating that Princess had notice of the alleged dangerous condition. Plaintiff has also not established that any such documents relied on for his factual allegations exist or contain evidence of the alleged defect. In all, Plaintiff's Complaint is speculative and littered with conclusory statements that lack any sufficient factual allegations to survive a Motion to Dismiss. Plaintiff's allegations fall short of the federal pleading standard. Plaintiff also improperly asserts a duplicative vicarious liability claim. As such, Plaintiff has not met the burden to state a proper claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, Princess respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety.

## MEMORANDUM OF LAW

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard in Rule 8 demands more than an unadorned, the "defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, while a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "ground" for the claimed entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. A complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002). Additionally, a complaint is also insufficient if it tenders named assertions devoid of further factual enhancement. *Id.*

**II. This Action is Governed by US Maritime Law**

The instant action is substantively controlled by United States general maritime law. Incidents taking place on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g.*, *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Further, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989).

**III. Plaintiff's Complaint Should be Dismissed in its Entirety**

**a. Plaintiff's Complaint Fails to Sufficiently Allege Notice**

Plaintiff's Complaint should be dismissed as Plaintiff fails to substantiate how Princess knew or should have known of the risk-creating condition in the present matter. Plaintiff's notice allegations are generic, conclusory, and speculative, and are therefore insufficient to establish that Princess was aware of the alleged dangerous condition prior to Plaintiff's incident. *See Navarro v. Carnival Corp.*, No. 19-cv-21072, 2020 WL 1307185, at *3 (S.D. Fla. Mar. 19, 2020) ("[A]side from the conclusory allegation that Carnival 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that Carnival *knew* of this risk

creating condition…"); *Twombly*, 550 U.S. at 545 (A complaint must allege facts sufficient "to raise a right to relief above the speculative level."). Accordingly, Plaintiff fails to allege sufficient grounds upon which relief could be granted.

Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, which "…requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition." *See Thompson v. Carnival Corp.*, 174 F.Supp.3d 1327, 1340 (S.D. Fla. 2016) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989). A ship owner is not an insurer of a passenger's safety and cannot be held liable simply because an injury was sustained by a passenger. *See Kornberg v. Carnival Cruise Line, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). ("A carrier by sea, however, is not liable to passengers as an insurer, but only for its negligence"); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d at 1322 (same); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990) ("[T]he vessel owner is not liable to passengers as an insurer, but only for its negligence… [T]he purpose behind the [notice] requirement is that shipowners should not be made the insurers of passenger safety.") (internal citations omitted)); and *Luby v. Carnival Cruise Lines, Inc.*, 633 F.Supp.40, 41 n.1 (S.D. Fla. 1986) ("Merely because an accident occurs, a carrier does not become liable to a passenger."); *Thompson*, 174 F. Supp. 3d at 1341 ("To premise a negligence claim on a breach of the duty to warn, [Plaintiff] must set forth factual allegations 'showing that the cruise line knew or should have known of any dangerous condition relating to the . . . excursion that would give rise to a duty to warn.'") (citing *Gayou*, 2012 WL 2049431, *5 (Scola, J.); *see also Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563 (11th Cir. 2017); and *Everett v. Carnival Cruise Lines*, 912 F.2d, 1355, 1358-59 (11th Cir. 1990).

All of Plaintiff's claims rely on the same notice allegations incorporated from the general allegations of the Complaint. [D.E. 1 ¶¶ 33–39]. These allegations are conclusory and insufficient to plausibly establish that Princess had actual or constructive notice of the alleged dangerous condition prior to the subject incident. For example, Plaintiff alleges Princess had actual notice because the subject shower bar pulled off the wall when it was attempted to be reattached *after* the subject incident. [D.E. 1 ¶ 24, 33]. However, the events that occurred and are labeled as "actual notice" to Princess, occurred after Plaintiff's incident, which does not constitute notice. Plaintiff's Complaint does not allege that Princess had any pre-incident notice about the subject grab bar, generated by any work order or a physically observed shifting prior to use by Plaintiff. Actual notice exists when the defendant knows about the dangerous condition. *Vasquez v. Carnival Corp.*, 2025 U.S. Dist. LEXIS 215145 (2025). Plaintiff's allegations that Princess provided measures after the subject incident do not constitute notice as it does not establish that Princess had knowledge of the alleged dangerous condition prior to the subject incident. In further efforts to establish notice, Plaintiff's Complaint claims that Princess had constructive notice of the subject dangerous condition because a grab bar does not detach instantaneously and that its anchorage necessarily failed over "days, weeks, or longer." [D.E. 1 ¶ 34].

Even with all the combined allegations of actual and constructive notice, Plaintiff's Complaint does not identify a factual basis for the alleged notice timeline. These are not factual allegations; they are entirely conclusory and indefinite. Complaints relying on this type of boilerplate allegations are regularly dismissed as insufficient. *See e.g. Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022)*; Newbauer v. Carnival Corp.,* 26 F.4th 931, 936 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 212 (2022). The Honorable Judge Moore granted a motion to dismiss in part due to similar "length of time" notice allegations. *Kendall v. Carnival Corp.,* No.

1:23-cv-22921-KMM, 2023 U.S. Dist. LEXIS 222188 (S.D. Fla. Dec. 7, 2023). First, Judge Moore noted that "typically, this argument is reserved for incidents where a transitory substance has existed for some period of time." *Id.* (citations omitted). Here, there is no mention of any transitory substance, but rather a variety of conclusory allegations about a grab bar with anchorage to a wall.

As in *Kendall*, Plaintiff's allegations do not "naturally comport to the facts of this case." *Id.* Judge Moore went on to note that plaintiff's theory of constructive notice failed as there were no factual allegation regarding how long the condition allegedly existed prior to the accident. *Id.* ; *see also Navarro v. Carnival Corp.*, No. 19-21072-CIV-MORE, 2020 U.S. Dist. LEXIS 47953, AT 8* (S.D. Fla. Mar. 18, 2020) (("[A]side from the conclusory allegation that [the cruise line] 'was or should have been aware' of the risk creating condition—there are no factual allegations supporting conclusion that [the cruise line] knew of this risk creating condition, or that the risk creating condition existed for such a period of time that [the cruise line] *must* have known the condition was present and thus would have been invited to corrected it.'"); *Copeland v. Carnival Corp.*, 2025 U.S. Dist. LEXIS 114105, *7 ("Although the Complaint alleges that the dangerous condition 'existed for a sufficient length of time[,]' Complaint ¶ 12, this claim, standing alone, is conclusory and insufficient to show that Carnival had constructive notice of the wet staircase."); *Armbrust*, 2025 U.S. Dist. LEXIS 41849, at *8-11 (granting Carnival's motion to dismiss where the plaintiff's complaint did not allege facts about the "specific length of time" which the dangerous condition existed."); *Bustamante v. Celebrity Cruises, Ltd.*, No. 1:22-cv-20330-JLK, 2022 U.S. Dist. LEXIS 204096, at *5-6 (S.D. Fla. Nov. 2, 2022) (plaintiff's failure to warn claim "dismissed because Plaintiff's allegations regarding notice are conclusory and vague."). As plead, "it is impossible to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours." *Holland v. Carnival Corp.*, No. 20-21789-Civ-Scola, 2021

U.S. Dist. LEXIS 4322, at *7-8 (S.D. Fla. Jan. 11, 2021), *aff'd,* 50 F.4th 1088 (11th Cir. 2022). The same is true in the instant matter because Plaintiff does not present any facts about the length of time the alleged dangerous condition existed. In all, Plaintiff's allegations fail to establish that Princess was on notice of a dangerous condition.

Plaintiff's alleged prior incidents are composed of beliefs that Princess's records contain prior events involving grab bars, handrails, or support rails aboard the Star Princess, sister vessels, or other ships. [D.E. 1 ¶ 37]. Plaintiff's Complaint does not identify any actual prior incident, date, vessel, location, fixture, failure mechanism, complaint, or resulting incidents. Rather Plaintiff alleges that "[u]pon information and belief prior incidents…are recorded in [Princess's] system…" *Id.* This is a prime example of a conclusory statement unsupported by factual allegations. A general allegation that discovery may reveal incidents involving multiple types of rails across an unspecified fleet does not allege any substantially similar incidents. *Laroche v. Carnival Corp.*, No. 25-25469-CIV-MORE, 2026 LX 430541 (S.D. Fla. Aug. 3, 2026). Plaintiff's failure to allege facts about any alleged prior incident is insufficient. *See Polanco*, 2010 WL 11575228, at *1 (Alleged prior incidents insufficient to establish notice because, "[t]here are also no details about similar past incidents that Carnival allegedly failed to investigate. What were the incidents? Who were the drivers of the motor vehicles of the other incidents? How did Carnival learn of the incidents? The complaint is bereft of information on these material issues."); *see also Donaldson v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 216410, *6 (noting that a plaintiff "cannot simply state there are 'prior incidents and/or complaints' in support of its claims without more"). Plaintiff must satisfy the well-pleaded complaint requirements prior to opening the door to discovery. Plaintiff cannot assert conclusory allegations without any factual basis in hopes that discovery will support the allegations. Plaintiff fails to provide sufficient facts to support the allegation that Princess knew

or should have known about the dangerous condition plausible. *See Holland v. Carnival Corporation*, 50 F.4th 1088, 1096 (11th Cir. 2022) (the plaintiff's allegations that there were frequent spills on the staircase and prior slip and fall incidents on the staircase were conclusory and insufficient to constitute constructive notice).

Further, the mere possibility that crew members were positioned to observe the condition does not make notice plausible. *Holland v. Carnival Corp.*, 50 F.4th 1088, 1096 (11th Cir. 2022). The same is seen in the instant action. Plaintiff's mere allegations that a steward entered and cleaned the bathroom do not establish that a detectable defect existed during those visits or that the steward encountered it. Plaintiff would likely agree with this argument as Plaintiff's own allegations include that the grab bar "[gave] no visual indication that it [would] fall." [D.E. 1 ¶ 15]. Rather, the grab bar "…appeared entirely secure, flush to the wall, and exhibited no visible sign of instability, looseness, or deterioration." [D.E. 1 ¶ 20]. Like in *Holland* and *Laroche*, Plaintiff's allegations do not rise to the level of being plausible without more supporting facts.

Additionally, Plaintiff's allegations that the condition existed long enough to invite repairs are conclusory and unsupported by the facts plead. In *Newbauer v. Carnival Corp.*, the Eleventh Circuit reiterated the requirement to plead specific facts to establish notice in a maritime tort action. 26 F.4th 931, 934-36 (11th Cir.), *cert. denied*, 143 S. Ct. 212 (2022). There, the plaintiff alleged she was injured when she slipped and fell on a wet, slippery transitory substance on the cruise ship's lido deck and filed suit against the cruise line alleging that it negligently failed to maintain the area and/or warn her of the condition. *Id.* In affirming the district court's dismissal of the plaintiff's complaint, the Eleventh Circuit Court concluded that the plaintiff "failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and

*Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition." *Id.* at 935.

Similarly in *Holland v. Carnival Corp.*, the Eleventh Circuit reaffirmed that "to survive [a] motion to dismiss" the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). There, the plaintiff passenger filed suit against the cruise operator alleging that he was injured when he slipped and fell while descending a glass staircase in a highly trafficked area of the ship. *Id.* at 1091. The plaintiff in *Holland* alleged facts that made it possible that the cruise had notice of the allegedly dangerous condition, but he failed to provide actual allegations that plausibly suggested the cruise line had notice, actual or constructive, of the dangerous condition. *Id.* at 1095. "Simply put, Holland's allegations do not cross the line from possibility to plausibility of entitlement to relief." *Id.* at 1096, citing *Iqbal*, 556 U.S. at 678.

Plaintiff's generalized allegations that Princess "own[ed], operate[d], manage[d], maintain[ed], and control[led] the cruise ship Star Princess…" and that Princess installed or inspected the grab bar does not immediately imply notice on Princess of the alleged dangerous condition. [D.E. 1 ¶ 10, 38, 39]. Merely alleging that Princess should have detected the presence of a dangerous condition or that Princess discovered the issue and failed to fix it, is insufficient to plead notice. Courts in this district consistently hold that such generalized notice allegations regarding cruise lines and maintenance are insufficient to establish notice. *See Bencomo v. Costa Crociere S.P.A. Co.*, No. 10-62437-CIV, 2011 WL 13175217, at *3 (S.D. Fla. Nov. 14, 2011) (rejecting the argument that "the Defendant must have known of the dangerous condition because Defendant regularly maintained the area."), aff'd, 476 F. App'x 232 (11th Cir. 2012); *see also Baker*

*v. NCL Am., LLC*, No. 1:19-CV-24442-JLK, 2020 WL 4696578, at *2 (S.D. Fla. Jan. 24, 2020) (dismissing Plaintiff's Complaint as Plaintiff's notice allegations concerning regular cleaning of deck floors was conclusory and not allegations of fact). Accordingly, Plaintiff has failed to sufficiently plead that Princess had notice of the risk-creating condition alleged to have caused injury, and Princess respectfully submits that the Court should dismiss Plaintiff's Complaint.

**b. Plaintiff's Vicarious Liability Claim is Unnecessarily Duplicative**

Count VI of Plaintiff's Complaint is duplicative of the claims raised in Counts I-V, as it does not set out a distinct cause of action, nor expose Princess to any additional liability. In *Gonzales v. Carnival Corporation*, the Court struck the plaintiff's vicarious liability claim for this very reason. *Gonzales v. Carnival Corp.*, No. 20-cv-22342-UU, 2020 U.S. Dist. LEXIS 265188, at *2 (S.D. Fla. Aug. 26, 2020). In *Gonzales*, the plaintiff asserted causes of action for Negligent Failure to Maintain Premises (Count VI) and Negligent Failure to Warn of Dangerous Conditions (Count III). And, as Plaintiff has done here, the plaintiff also asserted a separate cause of action for vicarious liability for the negligence of crew members. The Court struck the plaintiff's vicarious liability claim, finding that it was duplicative, redundant, and unnecessary because a cruise line can only be negligent through the alleged acts and/or omissions of its employees. Specifically, the court held:

> The Court agrees with Defendant that Plaintiff's stand-alone claim for vicarious liability is redundant and does not state an independent cause of action. In Count V, Plaintiff alleges that 'Defendant is vicariously liable for its crew members' negligent acts of failing to inspect, clean, maintain, warn passengers of wet and/or other dangerous conditions, and/or failing to do other activities to help make sure the subject deck, surface, walkway, area, and the vicinity were safe.' These allegations of breach are identical to the allegations under Plaintiff's claims for Negligent Failure to Warn of Dangerous Conditions (Count III) and Negligent Failure to Maintain Premises (Count VI). And Plaintiff's allegations in Counts III and VI clearly establish that Plaintiff is proceeding under a vicarious liability theory. As such, the Court will strike Count V as redundant.

*Id*. at *3-4; *see also Giambra v. Wendy's Int'l, Inc*., No. 8:08-cv-2016-T-27EAJ, 2009 U.S. Dist. LEXIS 50357, at *2 (M.D. Fla. June 15, 2009) (dismissing a negligent supervision claim as "duplicative" of a respondeat superior claim when both claims were based on the same facts of alleged negligence); *Shaw v. Pizza Hut of Am., Inc*., No. 8:08-CV-27-T-24-EAJ, 2009 U.S. Dist. LEXIS 48912, at *2 (M.D. Fla. June 1, 2009) (dismissing the plaintiff's negligent hiring claim with prejudice as duplicative of her direct negligence claim because it did not expose the defendant to any additional liability). Similarly to *Gonzalez*, the cruise line can only be liable for actions of negligence or failure to warn through vicarious liability. Since Plaintiff already asserts in Count I that Princess is liable for purported negligence, Count VI is unnecessarily redundant, and does not expose Princess to any additional liability.

Notably in this case, a direct comparison of the language used in Count I-V and VI is as much evidence as the Court needs to conclude that these two counts allege many of the same arguments. The following is a comparison between the following two Counts plead in the Complaint: In Count I, Plaintiff stated the following as it pertains to his Negligence claim:

**COUNT I**
**NEGLIGENT MAINTENANCE**

> 51. Princess breached its duty. It permitted a grab bar with an anchorage incapable of holding it to the wall to remain in service in a passenger shower; it failed to secure, tighten, re-anchor, or replace the bar or its fasteners before Plaintiff used it; and it failed to remove the bar from service or take the stateroom out of service until the fixture was made secure.

[D.E. 1 ¶ 51]. In Count VI, Plaintiff then states a nearly identical argument, stating:

**COUNT VI**
**VICARIOUS LIABILITY FOR THE NEGLIGENCE OF PRINCESS'S CREWMEMBERS**

> 80. Each breached that duty by the specific acts and omissions alleged above: failing to inspect the grab bar for secure attachment during daily service, failing to detect and report an anchorage that was detectably compromised, and failing to secure or replace the bar before Plaintiff relied on it.

[D.E. 1 ¶ 80]. While not written in the exact same language, Plaintiff's claims are based on the same operative facts and alleges the same duplicative theories of liability. As such, the entirety of Count VI should be stricken, as it is unnecessarily duplicative of Counts I-V.

**c. Plaintiff's Negligent Failure to Train Allegation is Improperly Plead**

Princess further asserts that Count IV – Negligent Training in Plaintiff's Complaint is improperly plead. Plaintiff alleges that Princess was negligent in the implementation and operation of its training program by failing to train its stateroom stewards to inspect grab bars for secure attachment during daily service. [D.E. 1 ¶ 68]. However, Plaintiff fails to specifically identify any actual policies or training procedures to establish that princess failed to properly train its crew members. Negligent failure to train is a "recognized dut[y] under federal maritime law." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1310 (S.D. Fla. 2021)(Torres, Mag. J.). Negligent training occurs when an employer was negligent in the implementation or operation of a training program and this negligence resulted in a plaintiff's injury. *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1304 (S.D. Fla. 2021)(Moore, J.). For Plaintiff's negligent training claim to succeed, he must show that Princess was negligent in the implementation or operation of a training program. *Mayer v. Carnival Corp.*, 731 F. Supp. 3d 1316 (S.D. Fla. 2024). As seen in *Mayer*, Plaintiff never actually alleges that Princess has a training program for its stewards that goes beyond the company's general policies and operations. *Id.* "On this standard, courts in our District tend to dismiss claims for negligent training where a plaintiff hasn't alleged 'that certain training programs exist.'" *See Mayer v. Carnival Corp., 731 F. Supp. 3d 1316 (S.D. Fla. 2024)* quoting *Walsh v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 120623, 2020 WL 10936272, at *5 (S.D. Fla. July 7, 2020) (Ungaro, J.); *see also Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1273 (S.D. Fla. 2015) (Altonaga, J.) (dismissing a failure-to-train claim in a non-maritime case where the complaint did "not contain

any allegations describing a particular training program, let alone allegations highlighting why such a training program is defective and how the defect is a widespread problem”). Merely alleging and assuming that a specific training program exists for Princess’s stewards and further asserting that such training was not followed is not sufficient to establish a negligent training claim. As such, Plaintiff has failed to state a claim for negligent training based on the allegations presented in his Complaint.

**WHEREFORE**, Defendant, PRINCESS CRUISE LINES, LTD, respectfully requests that this Court grant its Motion to Dismiss Plaintiff’s Complaint and any other relief this Court deems necessary and proper.

Dated: October 29, 2026
Miami, FL

Respectfully submitted,

*/s/ Cecile C. Von Batemberg*

**DAVID J. HORR**
Florida Bar No.: 310761
dhorr@admiral-law.com
**CECILE CASUTT VON BATEMBERG**
Florida Bar No.: 123769
cvonbatemberg@admiral-law.com
**THALIA CEDENO**
Florida Bar No. 1058005
tcedeno@admiral-law.com
**HORR, SKIPP & PEREZ, P.A.**
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Cecile C. Von Batemberg*
**DAVID J. HORR**
Florida Bar No.: 310761
**CECILE CASUTT VON BATEMBERG**
Florida Bar No.: 123769
**THALIA CEDENO**
Florida Bar No. 1058005

**SERVICE LIST**

**DAVID W. SINGER**
Florida Bar No.: 306215
dsingeresq@aol.com
**MICHAEL A. HOFFMAN**
Florida Bar No. 89549
mahoffman@1800askfree.com
DAVID W. SINGER & ASSOCIATES, P.A.
1011 South Federal Highway
Hollywood, Florida 33020
Telephone: (954) 920-1571
Facsimile: (954) 926-5746
***Attorney for Plaintiff***

**DAVID J. HORR**
Florida Bar No.: 310761
dhorr@admiral-law.com
**CECILE CASUTT VON BATEMBERG**
Florida Bar No.: 123769
cvonbatemberg@admiral-law.com
**THALIA CEDENO**
Florida Bar No. 1058005
tcedeno@admiral-law.com
HORR, SKIPP & PEREZ, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Defendants***